UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Civil Action No.: 2:21-cv-18396-MCA-ESK

KEVIN DOOLEY KENT, in his
capacity as Receiver for Broad Reach
Capital, LP, Broad Reach Partners,
LLC, Bristol Advisors, LLC, and Elm Street
Investments, LLC, 1500
Market Street, Suite 3900, West
Tower, Philadelphia, PA 19102-1921,

    Plaintiff,

v.

AGOSTINHO CALCADA,
650 West Avenue, Apt. 2100
Miami Beach, FL 33139-6368,

    Defendant.

/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S CIVIL ACTION COMPLAINT

Defendant, AGOSTINHO CALCADA ("Defendant"), by and through his undersigned counsel hereby responds to the Complaint filed on October 11, 2021 (the "Complaint") [DE 1], and states as follows:

### ANSWER

### Introduction

1.   Admitted.

2.   Defendant admits the first sentence of Paragraph 2 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. Admitted as to Sunny Ocean. Defendant denies the allegations in Paragraph 9 as to Defendant.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Admitted.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Complaint.

**Parties**

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Admitted.

19. Admitted.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 of the Complaint.

**Jurisdiction And Venue**

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 of the Complaint.

**Factual Background**

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in Paragraph 37 of the Complaint.

## COUNT I
## Breach of Contract

38. Defendant incorporates Paragraphs 1 through 37 of this Answer as if set forth at length herein.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant admits that plaintiff has correctly quoted a portion of the language of the note

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

## AFFIRMATIVE DEFENSES

For his affirmative defenses and avoidances to the Complaint, Defendant respectfully alleges as follows:

### First Affirmative Defense

Defendant states that Plaintiff's claim is barred because Elm Street Investments, LLC ("Elm Street") fraudulently induced Defendant into executing the promissory note that is the subject of the instant lawsuit (attached as Exhibit "D" to Plaintiff's Complaint) in the principal amount of $1,530,740.83 (the "Note").

Specifically, on or about September 2016, George Heckler ("Heckler"), acting in his capacity as Elm Street's apparent and/or actual agent, orally represented to Defendant that Heckler was Elm Street's representative, that Elm Street would not enforce the Note against Defendant, that Elm Street would pay off the entire debt owed to the owner (the "Owner") of the owner-financed property located at 699 Ocean Blvd, Golden Beach, Florida (the "Property"), including the amount represented by the Note plus an additional approximately $6,000,000 to the Owner by on or about June/July 2017. Defendant's role in the above referenced transaction was that Defendant located a potentially profitable real estate project and would be paid a commission from Elm Street upon their successful completion of the project.

The aforementioned statements of fact made by Heckler, on Elm Street's behalf, to Defendant were false. Heckler, on Elm Street's behalf, knew the aforementioned statements of fact were false at the time they were made to Defendant.

Additionally, Elm Street had no intention of paying off the total debt to the Owner by June/July 2017 at the time Elm Street represented to Defendant that Elm Street would pay off the

total debt to the Owner. Elm Street intended that Defendant act on Elm Street's false statements by executing the Note in favor of Elm Street.

As a proximate result of Defendant's reasonable and detrimental reliance on Elm Street's false statements of material fact, Defendant was injured. But for Elm Street's false representation that Elm Street would not enforce the Note against Defendant and that Elm Street would pay the total debt to the Owner by June/July 2017, Defendant would not have executed the Note, would not have signed the contract to purchase the Property on behalf of Sunny Ocean 699, LLC, and would not have paid Property taxes.

## Second Affirmative Defense

Defendant states that Plaintiff's claim is barred under the principle of *in pari delicto* because, for the reasons described in Defendant's first affirmative defense above and incorporated herein, Plaintiff bears at least substantially equal responsibility for the violations Plaintiff seeks to redress. Additionally, barring Plaintiff's claim would not substantially interfere with the policy goals of any applicable statute(s).

## Third Affirmative Defense

Defendant states that Plaintiff's claim is barred by the doctrine of unclean hands, as Plaintiff's wrongdoing (as more fully described above in Defendant's first affirmative defense and incorporated herein) is directly related to Plaintiff's claim against Defendant and Defendant was injured as a result of Plaintiff's wrongdoing.

## Fourth Affirmative Defense

Defendant states that Plaintiff fails to state a claim upon which relief can be granted because the Note is a negotiable instrument and Plaintiff's Complaint fails to allege that Plaintiff is in possession of the original promissory note and fails to allege facts which might allow Plaintiff to

reestablish the note. See Dasma Investments, LLC v. Realty Associates Fund III, L.P., 459 F. Supp. 2d 1294, 1302–04 (S.D. Fla. 2006) (applying Florida law) (citations omitted); see also § 673.3091, Fla. Stat.

### Fifth Affirmative Defense

Defendant states that Plaintiff fails to state a claim upon which relief can be granted because the Note is a negotiable instrument and Plaintiff's Complaint fails to allege: a) that Plaintiff is the holder of the original Note at the time Plaintiff filed its Complaint; or b) the factual basis by which Plaintiff is a person entitled to enforce the Note under § 673.3011, Fla. Stat. See § 673.3011, Fla. Stat.

### Sixth Affirmative Defense

Defendant states that under New Jersey's choice-of-law principles, Florida substantive law applies to Plaintiff's breach of Note claim because Florida has the most significant relationship with the parties and the Note since the place of contracting, negotiation of the contract, performance of the Note, the subject matter of the Note, and/or the domicile, residence, place of incorporation, and place of business occurred in Florida. See Forestal Guarani S.A. v. Daros Intern., Inc., 613 F.3d 395, 400–01 (3d Cir. 2010); Harper v. Amazon.com Services, Inc., 12 F.4th 287, 295 (3d Cir. 2021).

### Prayer for Relief

WHEREFORE, Defendant demands judgment in favor of Defendant and against Receiver, plus attorneys' fees pursuant to § 57.105(7), Fla. Stat., court costs, and for such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Defendant hereby demands a trial by jury on all issues so triable.

**DATED this 8th day of December, 2021.**

Respectfully Submitted,

_____
Mark J. Astarita, Esq. (NJ I.D. No. 028791981)
SALLAH ASTARITA & COX, LLC
*Counsel for Defendant*
60 Pompton Avenue
Verona, NJ 07044
Phone: (973) 559-5566
Direct: (973) 559-5795
mja@sallahlaw.com

/s/ Marc E. Rosenthal
Marc E. Rosenthal, Esq.
ROSENBERG & CUMMINGS PLLC
*Counsel Pro Hac Vice for Defendant*
802 NE 20th Avenue
Fort Lauderdale, FL 33304
Phone: (954) 769-1344
Marc@RosenbergCummings.com
Florida Bar No.: 117561

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Defendant's Answer & Affirmative Defenses* was served via the Court's ECF filing system on December 8, 2021

Respectfully,

/s/ Mark J. Astarita
Mark J. Astarita, Esq. (NJ I.D. No. 028791981)
SALLAH ASTARITA & COX, LLC
*Counsel for Defendant Agostinho Calcada*
60 Pompton Avenue
Verona, NJ 07044
Phone: (973) 559-5566
Direct: (973) 559-5795
mja@sallahlaw.com