UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Case No. 21-cv-18396-MCA-ESK

KEVIN DOOLEY KENT,
in his capacity as Receiver for
Broad Reach Capital, LP et al.,

     Plaintiff,

v.

AGOSTINHO CALCADA,

     Defendant.

                                       /

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED CIVIL ACTION COMPLAINT**

Defendant, AGOSTINHO CALCADA ("Defendant"), by and through his undersigned counsel, hereby responds to Plaintiff's, KEVIN DOOLEY KENT, in his capacity as Receiver for Broad Reach Capital, LP et al. ("Plaintiff"), Amended Civil Action Complaint filed on June 29, 2022 (the "Amended Complaint") [DE 23], and states as follows:

**ANSWER**

**Introduction**

1.     Admitted.

2.     Defendant admits the first sentence of Paragraph 2 of the Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 2 of the Amended Complaint.

3.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of the Amended Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of the Amended Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 of the Amended Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of the Amended Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Amended Complaint.

9. Admitted as to Sunny Ocean. Defendant denies the allegations in Paragraph 9 of the Amended Complaint as to Defendant.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Admitted.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

**Parties**

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the Amended Complaint.

18. Admitted.

19. Admitted.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 of the Amended Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 of the Amended Complaint.

## Jurisdiction And Venue

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 of the Amended Complaint.

## Factual Background

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 of the Amended Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 31 of the Amended Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 of the Amended Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 of the Amended Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 36 of the Amended Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 of the Amended Complaint.

## COUNT I
### Breach of Contract/Suit to Enforce Note

39. Defendant incorporates Paragraphs 1 through 38 of this Answer as if set forth at length herein.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 of the Amended Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 of the Amended Complaint.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 of the Amended Complaint.

43. Defendant admits that Plaintiff has correctly quoted a portion of the language of the note.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Amended Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Amended Complaint.

### Prayer for Relief as to Count I

WHEREFORE, Defendant demands judgment in favor of Defendant and against Plaintiff, plus attorneys' fees pursuant to § 57.105(7), Fla. Stat., court costs, and for such further relief as this Court deems just and proper under the circumstances.

### COUNT II
### Action to Reestablish Note
### Pursuant to Fla. Stat. Ann. § 673.3091 and/or 13 Pa. C.S.A. § 3309

54. Defendant incorporates Paragraphs 1 through 53 of this Answer as if set forth at length herein.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 55 of the Amended Complaint.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 56 of the Amended Complaint.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 57 of the Amended Complaint.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 58 of the Amended Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Amended Complaint.

60. Admitted.

61. Defendant denies the allegations set forth in Paragraph 61 of the Amended Complaint.

### Prayer for Relief as to Count II

WHEREFORE, Defendant demands judgment in favor of Defendant and against Plaintiff, plus attorneys' fees pursuant to § 57.105(7), Fla. Stat., court costs, and for such further relief as

this Court deems just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

For his affirmative defenses and avoidances to the Amended Complaint, Defendant respectfully alleges as follows:

### First Affirmative Defense

Defendant states that Plaintiff's claims are barred because Elm Street Investments, LLC ("Elm Street") fraudulently induced Defendant into executing the promissory note that is the subject of the instant lawsuit (attached as Exhibit "D" to Plaintiff's Amended Complaint) in the principal amount of $1,530,740.83 (the "Note").

Specifically, on or about September 2016, George Heckler ("Heckler"), acting in his capacity as Elm Street's apparent and/or actual agent, orally represented to Defendant that Heckler was Elm Street's representative, that Elm Street would not enforce the Note against Defendant, that Elm Street would pay off the entire debt owed to the owner (the "Owner") of the owner-financed property located at 699 Ocean Blvd, Golden Beach, Florida (the "Property"), including the amount represented by the Note plus an additional approximately $6,000,000 to the Owner by on or about June/July 2017. Defendant's role in the above referenced transaction was that Defendant located a potentially profitable real estate project and would be paid a commission from Elm Street upon their successful completion of the project.

The aforementioned statements of fact made by Heckler, on Elm Street's behalf, to Defendant were false. Heckler, on Elm Street's behalf, knew the aforementioned statements of fact were false at the time they were made to Defendant.

In addition to their falsity, the aforementioned statements of facts were material because but for Elm Street's false representations that Elm Street would not enforce the Note against

Defendant and that Elm Street would pay the total debt to the Owner by June/July 2017, Defendant would not have executed the Note, would not have signed the contract to purchase the Property on behalf of Sunny Ocean 699, LLC, and would not have paid Property taxes.

Furthermore, Elm Street had no intention of paying off the total debt to the Owner by June/July 2017 at the time Elm Street represented to Defendant that Elm Street would pay off the total debt to the Owner. Elm Street intended that Defendant act on Elm Street's false statements by executing the Note in favor of Elm Street.

But for Elm Street's false representation that Elm Street would not enforce the Note against Defendant and that Elm Street would pay the total debt to the Owner by June/July 2017, Defendant would not have executed the Note, would not have signed the contract to purchase the Property on behalf of Sunny Ocean 699, LLC, and would not have paid Property taxes. As a direct and proximate result of Defendant's reasonable and detrimental reliance on Elm Street's false statements of material fact, Defendant was injured.

## Second Affirmative Defense

Defendant states that Plaintiff's claims are barred under the principle of *in pari delicto* because, for the reasons described in Defendant's first affirmative defense above and incorporated herein, Plaintiff bears at least substantially equal responsibility for the violations Plaintiff seeks to redress. Additionally, barring Plaintiff's claim would not substantially interfere with the policy goals of any applicable statute(s).

## Third Affirmative Defense

Defendant states that Plaintiff's claims are barred by the doctrine of unclean hands, as Plaintiff's wrongdoing (as more fully described above in Defendant's first affirmative defense and incorporated herein) is directly related to Plaintiff's claims against Defendant and Defendant was

injured as a result of Plaintiff's wrongdoing.

## Fourth Affirmative Defense

Defendant states that under New Jersey's choice-of-law principles, Florida substantive law applies to Counts I-II of Plaintiff's Amended Complaint because Florida has the most significant relationship with the parties and the Note since the place of contracting, negotiation of the contract, performance of the Note, the subject matter of the Note, and/or the domicile, residence, place of incorporation, and place of business occurred in Florida. See Forestal Guarani S.A. v. Daros Intern., Inc., 613 F.3d 395, 400–01 (3d Cir. 2010); Harper v. Amazon.com Services, Inc., 12 F.4th 287, 295 (3d Cir. 2021).

## DEMAND FOR TRIAL BY JURY

Defendant hereby demands a trial by jury on all issues so triable.

**DATED this 18th day of July, 2022.**

Respectfully Submitted,

/s/ Mark J. Astarita
Mark J. Astarita, Esq. (NJ I.D. No. 028791981)
SALLAH ASTARITA & COX, LLC
*Counsel for Defendant*
60 Pompton Avenue
Verona, NJ 07044
Phone: (973) 559-5566
Direct: (973) 559-5795
mja@sallahlaw.com

/s/ Marc E. Rosenthal
Marc E. Rosenthal, Esq.
ROSENBERG & CUMMINGS PLLC
*Counsel Pro Hac Vice for Defendant*
802 NE 20th Avenue
Fort Lauderdale, FL 33304
Phone: (954) 769-1344
Marc@RosenbergCummings.com
Florida Bar No.: 117561

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Defendant's Answer & Affirmative Defenses to Plaintiff's Amended Complaint* was served via the Court's ECF filing system on July 18, 2022.

Respectfully,

/s/ Mark J. Astarita
Mark J. Astarita, Esq. (NJ I.D. No. 028791981)
SALLAH ASTARITA & COX, LLC
*Counsel for Defendant Agostinho Calcada*
60 Pompton Avenue
Verona, NJ 07044
Phone: (973) 559-5566
Direct: (973) 559-5795
mja@sallahlaw.com